STATE OF NORTH CAROLINA v. RANDALL ZANE MITCHELL AND MARK ALLEN WHITAKER

No. 7516SC708

(Filed 17 March 1976)

1. Narcotics § 4— felonious possession of marijuana — sufficiency of evidence

In a prosecution for felonious possession of marijuana, evidence was sufficient for the jury with respect to the guilt of defendant

State v. Mitchell

Whitaker where the evidence tended to show that a witness observed defendant standing in front of his apartment near a small trailer, defendant was holding plastic cellophane bags in his hands, the witness observed defendant lean over the trailer with his hands inside, defendant left the trailer, the witness then went to the trailer and took therefrom two bags of vegetable material, and the material was subsequently determined to be marijuana.

2. **Criminal Law § 77; Narcotics § 3— incriminating statement made at crime scene — explanation excluded at trial — error**

. In a prosecution for felonious possession of marijuana, the trial court committed prejudicial error in excluding testimony of defendant Mitchell which would have explained an incriminating declaration made by him at the crime scene.

Judge CLARK dissenting as to defendant Mitchell.

APPEAL by defendants from *Tillery, Judge*. Judgments entered 5 March 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 13 January 1976.

Defendants were tried under separate bills of indictment for felonious possession of marijuana and felonious conspiracy to possess marijuana.

The State presented evidence tending to show that on or about 3 February 1974 the defendants and Soochul Kim lived together in an apartment in Robeson County. Rickie Brooks was a teenager who lived in close proximity to the apartment complex. On the date of the alleged offense Brooks observed defendant Whitaker in front of his apartment standing near a small "U-Haul-It" trailer. Whitaker was holding plastic cellophane bags in his hand. Brooks next saw Whitaker leaning over in the trailer with his hands inside.

After Whitaker left, Brooks went to the trailer and looked inside. He saw automobile floor mats on the floor of the trailer and, when he lifted the mats, he found two cellophane bags containing "brownish-yellow vegetable material." Brooks picked up the bags, put them in his pocket and started walking to his house. As he got to the front of the apartment complex defendant Mitchell came up to him. Whitaker started walking with Mitchell towards Brooks but did not come all the way. After Mitchell walked up to Brooks he told Brooks "we have got to have the stuff back." When he made that statement he was looking at Brooks' left pocket from which the two bags of marijuana were protruding. Soochul Kim came up and said, "he's got it."

Brooks' father arrived at this point and instructed him to go home. Brooks then carried the two bags to his home. The two bags were thereafter turned over to a sheriff's deputy, who, upon further examination around the area of the apartment, found another cellophane bag containing a similar kind of vegetable material several feet away from the side of the apartment. It was later determined that the two bags taken by Brooks contained 40.7 grams of marijuana. The bag found by the deputy contained 14.1 grams of marijuana.

At the end of the State's evidence the defendants made motions for judgment as of nonsuit on both charges. The court granted the motions as to the conspiracy charges and denied the motions as to the felonious possession charges.

Defendant Whitaker testified that he was a student at Pembroke State University and shared an apartment with Kim and Mitchell. He had seen Brooks around the area of the apartments before this day in February, and on some prior occasion, the apartment had been entered and several articles had been taken from Kim's room. On 3 February 1974 he was working on his car in front of his apartment but had no cellophane bag, no marijuana and did not go to the trailer that day. The trailer belonged to his father but his brother had left it on the premises of the apartment. After having seen Brooks, the defendants left the apartment to get something to eat. They met Kim and decided to go back to the apartment and see if Brooks had taken anything.

Defendant Mitchell testified that on 3 February 1974 he was also a student at Pembroke State University. His testimony was substantially the same as Whitaker's concerning the events leading up to the defendants' confrontation with Rickie Brooks. He saw Brooks moving away from the apartment and Brooks appeared to have something in his pocket. Mitchell stopped Brooks to talk to him and told Brooks, "We have to have it back." He had seen the trailer parked outside the apartment but had never been inside of it or for that matter even looked inside of it and he had never seen anyone else using it. He denied any knowledge of the presence of marijuana in the trailer or elsewhere. Both defendants were convicted of felonious possession of marijuana and judgments imposing prison sentences were entered. Through their court appointed counsel, defendants appealed to this Court.

State v. Mitchell

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*John C. B. Regan III, for defendant appellants.*

VAUGHN, Judge.

These appeals are subject to dismissal for failure to docket within the time allowed. We have, nevertheless, elected to consider them on their merits.

[1]  The evidence is clearly sufficient to permit the jury to find that the drugs Brooks took from the trailer had been placed there by Whitaker. His case was properly submitted to the jury. We have considered Whitaker's remaining assignments of error and find them to be without merit.

[2]  In the absence of Mitchell's declaration to Brooks, "We have got to have the stuff back," while looking at the bags of marijuana in Brooks' pocket, the evidence would have been insufficient to take his case to the jury. This statement, however, when coupled with all of the other circumstances made a case for the jury. The jury could infer that Mitchell was referring to the marijuana and that if "We have got to have" the marijuana back, "we" must have had it before.

We hold that the court erred, however, in excluding testimony from Mitchell whereby he attempted to explain what he meant when he told Brooks "We have to have it back." His explanation would have been that items of personal property were missing from the apartment, he suspected Brooks as being the thief, and that it was the stolen property to which he referred and not the marijuana of which he knew nothing. His explanation raised a question of credibility which the jury should have been allowed to resolve.

On defendant Whitaker's appeal—No error.

On defendant Mitchell's appeal—New trial.

Judge MARTIN concurs.

Judge CLARK dissents.

Judge CLARK dissenting as to defendant Mitchell:

Rickie Brooks, age 16, who admitted he had been expelled from school "a bunch of times . . . because of things that hap-

pened at school and things that happened away from school," testified that when defendant Mitchell came up to him and said, "We have got to have the stuff back," he was glancing at his (Brooks') left pocket where the *tips* of the two bags were sticking out.

The majority concedes that the evidence was insufficient to take the case to the jury, but that the declaration coupled with all the other circumstances made a case for the jury. I disagree. I see no other incriminating circumstances, and the declaration is not sufficient evidence of Mitchell's possession of marijuana to submit to the jury. In my opinion the other circumstances tend to show exclusive possession by Whitaker and negate, rather than support, the State's case against Mitchell. The charge against Mitchell should be dismissed.